IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:25-bk-02562-JAB

In re:

MARK ALBERT LOWERY,

    Debtor.

_____/

# THE GRAY INSURANCE COMPANY'S MOTION FOR ORDER THAT THE AUTOMATIC STAY DOES NOT APPLY TO NON-DEBTOR INDEMNITORS

Creditor The Gray Insurance Company ("Gray"), through counsel, files this Motion for Order that the Automatic Stay does not apply to Non-Debtor Indemnitors who signed indemnity agreements in connection with construction projects bonded by Gray. As discussed below, the Debtor, Mark Albert Lowery ("Debtor"), is a principal of a commercial construction company that requested payment and performance bonds from Gray. Mr. Lowery and others signed an indemnity agreement on behalf of Gray to induce Gray to issue said bonds. Gray has incurred and continues to incur losses under certain of those bonds and filed a civil suit against the Indemnitors in the United States District Court for the Middle District of Florida. As a result of Mr. Lowery's bankruptcy, the District Court stayed the entire action, including as to the non-debtor Indemnitors. The non-debtor Indemnitors are not debtors in this or any other (to Gray's knowledge) bankruptcy action and, therefore, the automatic stay does not bar any action against the non-debtor Indemnitors. Gray requests that the Court

issue an Order confirming that the automatic stay does not extend to the non-debtor Indemnitors.

## PERTINENT BACKGROUND

1. Gray is, among other things, a surety company that issues payment and performance bonds and stands as surety for selected contractors.

2. At all pertinent times, JAX HVAC, Inc. ("JAX") was a subcontractor on various construction projects and from time to time required payment and performance bonds in connection with certain subcontracts. Debtor is a principal of JAX.

3. To induce Gray to issue payment and performance bonds on its behalf, on or about November 1, 2023, Debtor and non-debtors JAX, JAX Refrigeration, Inc. dba JAX Mechanical ("JAX Mechanical"), JAX Refrigeration, LLC ("JAX Refrigeration"), LDDV, LLC ("LDDV"), Lowery Revocable Family Trust ("Trust"), and Samantha A. Lowery (collectively the "Non-Debtor Indemnitors") entered into a General Indemnity Agreement ("GIA") with Gray. A copy of the GIA is attached as **Exhibit "A."**

4. In reliance on the GIA, Gray agreed to issue various bonds at the Debtor's and Non-Debtor Indemnitors' request in consideration for their promise to comply with the terms of the GIA including:

| Bond Number | Bond Amount | Bond Obligee | Project |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| GS59300680 | $1,025,748.00 | Kellogg & Kimsey Constructors, Inc. | Towneplace Suites |
| GS59300528 | $1,737,301.88 | Wharton-Smith, Inc. | Imagine School K8 – Pasco County Project |

The above listed bonds are collectively referred to herein as the "Bonds." The projects referred to in this paragraph are collectively referred to herein as the "Bonded Projects."

5. Gray has received claims on the Bonded Projects. Specifically, sub-subcontractors and/or suppliers of JAX have claimed that JAX failed to pay for labor and/or materials provided to JAX on the Bonded Projects, and the obligees on the Bonded Projects have alleged various defaults by JAX under its subcontracts on the Bonded Projects.

6. Gray has sustained losses by reason of having issued the Bonds.

7. Despite demand, Debtor and the Non-Debtor Indemnitors have failed to honor their obligations to Gray under the GIA and have failed to indemnify and hold harmless Gray from loss.

8. Accordingly, on June 17, 2025, Gray filed suit against Debtor and the Non-Debtor Indemnitors in the matter entitled *The Gray Insurance Company v. JAX Refrigeration, Inc., et al.*, bearing case number 3:25-cv-00682 on the docket of the United States District Court for the Middle District of Florida, Jacksonville

Division (the "Indemnity Action"). A copy of the Complaint is attached as **Exhibit "B."**

9. On July 28, 2025, Debtor filed a Suggestion of Bankruptcy in the Indemnity Action (Doc. 21).

10. As a result, the District Court in the Indemnity Litigation issued an Order staying the entire Indemnity Action (Doc. 22) due to Debtor's bankruptcy filing. A copy of the Order is attached as **Exhibit "C."**

11. Accordingly, Gray seeks an Order from this Court that the automatic stay that went into effect as to Debtor upon Debtor's filing of its bankruptcy petition does not apply to the Non-Debtor Indemnitors so that Gray may move forward with the Indemnity Action as to the Non-Debtor Indemnitors.

## MEMORANDUM OF LAW

### I. Section 362 of the Bankruptcy Code Does Not Apply to Non-Debtors.

The Non-Debtor Indemnitors, who have not filed a petition for bankruptcy, are not protected by the automatic stay provisions of 11 U.S.C. § 362. Those provisions generally protect only "the debtor, property of the debtor and property of the estate." *In re Rose*, 645 B.R. 253, 259 (Bankr. M.D. Fla. 2022). In fact, "[n]o provision in the Bankruptcy Code even remotely suggests a right to "extend the automatic stay" and no provision in the Federal Rules of Bankruptcy Procedure provides for extending the automatic stay under any of the operating chapters of the Bankruptcy Code." In re Goldberg, 221 B.R. 907, 909 (Bankr. M.D. Fla. 1998). While the bankruptcy court

can, in unusual and exceptional circumstances can grant temporary injunctive relief as to non-debtors, the Non-Debtor Indemnitors have not requested that relief and such circumstances are not present where the Non-Debtor Indemnitors are separately liable to Gray under the GIA. *See*, *e.g., In re Goldberg*, 221 B.R. at 909 (potential indemnity claim by non-debtors did not justify extension of the stay); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 736-37 (S.D. Fla. 2010) (potential indemnity claim by non-debtor against debtor did not justify extension of the stay to an action against the non-debtor guarantors)*; In re Sunbeam Securities Litigation*, 261 B.R. 534, 536-37 (S.D. Fla. 2001) (refusing to extend stay to non-debtor defendants despite potential indemnity claims against the debtor); *c.f. A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (allowing temporary injunctive relief in the mass tort setting).

Here, Debtor and the Non-Debtor Indemnitors are jointly and severally liable to Gray under the GIA they executed in Gray's favor. *See* Exhibit A. Gray can proceed and receive full recourse against the Non-Debtor Indemnitors as non-debtors without pursuing the Debtor in the Indemnity Action. As in the Florida decisions cited above, there are no unusual or exceptional that justify delaying Gray's right to pursue relief as to the Non-Debtor Indemnitors.

Accordingly, Gray requests an Order that the automatic stay does not extend to the Non-Debtor Indemnitors.

## CONCLUSION

As set forth above, the automatic stay does not apply to non-debtors and there are no exceptional circumstances that would justify extension of the stay to the Non-Debtor

Indemnitors. Accordingly, Gray requests an Order that the automatic stay does not extend to the Non-Debtor Indemnitors.

                    PASKERT DIVERS THOMPSON

                    */s/ Alberta L. Adams*
                    ALBERTA L. ADAMS
                    Florida Bar No. 80063
                    aadams@pdtlegal.com
                    100 North Tampa St., Suite 3700
                    Tampa, Florida 33602
                    Telephone: (813) 229-3500
                    Facsimile: (813) 229-3502

                    *Counsel for The Gray Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to the U.S. Trustee and all interested parties as per the attached Court's matrix, which includes the 20 largest creditors and the Debtor at Debtor's address of record, by either U.S. Mail postage prepaid and/or CM/ECF electronic filing, and to the following on this 7th day of August, 2025:

| | |
|---|---|
| Bryan K. Mickler, Esq.<br>Law Offices of Mickler & Mickler, LLP<br>5452 Arlington Expy.<br>Jacksonville<br><br>*Counsel for Debtor* | U.S. Trustee Jill E. Kelso<br>George C Young Federal Bldg<br>400 W. Washington Street, Ste 1100<br>Orlando, FL 32801<br><br>*United States Trustee* |

                    */s/ Alberta L. Adams*
                    Attorney