**ORDERED.**

Dated:  September 23, 2025

*/s/ Jacob A. Brown*
Jacob A. Brown
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **Case No. 3:25-bk-02562-JAB** |
| **MARK A. LOWERY** | **CHAPTER 11** |
| Debtor-in-Possession. | |

**ORDER GRANTING AMENDED JOINT**
**MOTION TO APPROVE CONFIDENTIAL**
**SETTLEMENT AGREEMENT AND DISTRIBUTION**
**(Doc. No. 61)**

THIS CASE came before the Court on the *Amended Joint Motion to Approve Confidential Settlement Agreement and Distribution* (Doc. No. 61) (the "Motion"). In ruling on the Motion, the Court has considered the Agreement[1] attached to the Motion as Exhibit A and the record of this case. The Motion was served upon all interested parties under negative notice pursuant to Local Rule 2002-4 informing the parties of their opportunity to respond within 21 days

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the date of service, plus 3 days for service by mail, and no party filed a response within the time permitted. Therefore, the Court considers the Motion unopposed.

Based on the pleadings and papers of record, and considering the position of the parties, the Court finds that: (i) due and appropriate notice of the Motion and the relief granted by this Order has been provided with all parties in interest having the opportunity to be heard on the Motion; (ii) in the context of the legal standard set forth in *In Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), the terms of the Agreement are fair and equitable, reasonable and in the best interest of the creditors; and (iii) the terms of the Agreement fall above the lowest point in the range of reasonableness as contemplated by applicable caselaw and satisfy the factors set forth in *Justice Oaks*.

Accordingly, it is

**ORDERED:**

1. The Motion is **GRANTED**.

2. The Agreement attached to the Motion as Exhibit A is **APPROVED**.

3. The Parties are directed to comply with the terms and conditions of the Agreement.

4. Debtor shall cause a distribution to Spruce Jax in the amount of $3,800,000.00 from the net proceeds from the sale of the real property identified in the Order Granting Emergency Motion for Entry of Order (A) Authorizing

the Private Sale of Real Property and Any and All Assets Located Therein, Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims, and Encumbrances; (B) Authorizing Execution of Any and All Documents to Effectuate Closing of the Sale; (C) Authorizing Payment of all Expenses, Fees and Costs Associated with the Sale (D) Approving Distribution Procedure and Setting Continued Hearing on August 19, 2025 at 3:00 p.m. (Doc. No. 40). Such distribution shall occur not later than one (1) business day after closing of the sale of the real property and shall be deemed to satisfy Spruce Jax's allowed Secured Claim.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the Agreement and the implementation of this Order.

Attorney Michael E. Demont is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.